UNITED STATES of America,
Plaintiff,

v.

Luis CARIBE GARCIA, Defendant.

No. 97–245 PG.

United States District Court,
D. Puerto Rico.

Dec. 13, 2000.

Desiree Laborde-Sanfiorenzo, U.S. Attorney's Office, San Juan, PR, for U.S.

Richard O. Dansoh, Miami, FL, Marlene Gerdts, Beverly Hills, CA, for Luis Caribe–Garcia aka Papo aka Caribe, defendant.

## OPINION & ORDER

PEREZ–GIMENEZ, District Judge.

Defendant Caribe–Garcia subpoenaed the appearance of United States Probation Officer Maribel Torres–Baerga at his sentencing hearing scheduled for December 15, 2000. Defendant demanded disclosure of all documents used in preparation and amendment of his Pre–Sentence Report including notes, reports, indictments, transcripts, rough notes, manuals and books. In response, the Court ordered Defendant to file a motion indicating exactly how he would use the information he sought to sustain his objections to the Pre–Sentence Report. (Dkt.776). Defendant was to specify what the requested information would demonstrate and how it relates to specific parts of the Pre–Sentence Report.

On December 5, 2000, Defendant filed a motion entitled *Urgent Motion For Continuance of Sentencing Hearing* and on December 8, 2000 Defendant filed motion entitled *Motion in Compliance with Court Order Dated Dec. 1, 2000.* In these motions defendant essentially argues that: (1) the Government had an ex-parte communication with probation officer Torres–Baerga which amounts to prosecutorial misconduct, (2) that such communication lead Torres–Baerga to increase her sentencing recommendation by six levels, (3) that setting the hearing for a date where Torres–Baerga cannot be present is a denial of his right to due process and a violation of his Sixth Amendment right to cross examine and effective assistance of counsel,[1] and (4) defense counsel has a scheduling conflict having a bail hearing on that same date and time before Magistrate Judge Aida Colón [2]. Because the Court finds that Defendant's arguments are without merit, Defendant's motion for continuance of his sentencing hearing and Defendant's request that Probation Officer Torres–Baerga be present at sentencing are hereby **DENIED**.

### Discussion

■ The principal function of the presentence report is to assist the court in determining the appropriate sentence. *See United States of America v. Charmer Industries,* 711 F.2d 1164, 1170 (2nd Cir. 1983) citing *Administrative Office of the United States Courts, Presentence Investigation Report 1 (1978).* A presentence report is a court document and as such does not fall within the purview of either the Freedom of Information Act, 5 U.S.C. § 552 or the Privacy Act, 5 U.S.C. § 552a. As a court document, a pre-sentence report is to be used by others only with permission of the Court. *Charmer,* 711 F.2d. at 1170.

■ Probation officers function as an "arm of the court". *United States v. Saxena,* 229 F.3d 1 (1st Cir.2000) (citing *Charmer*). They are employed by the Court to collect information and make sentencing recommendations. The sentencing court, as the entity for which the probation officer collects information, retains the discretionary authority to determine whether a probation officer should submit to a disclosure request or subpoena. *See Id.* at 1177 (noting that the court has a fair measure of discretion in weighing the competing interests in order to determine whether or not the person seeking disclosure has shown that the end of justice requires disclosure). In other words, it is within the Courts' discretion to allow a probation officer, as an arm of the Court, to submit to a disclosure request. The same holds true for the disclosure of presentence in-

---

1. According to Defendant, Torres–Baerga will not be present at the December 15, 2000 sentencing hearing because she is scheduled to deliver her baby on that date.

2. The Court is mindful of the fact that witnesses are traveling from abroad to participate in the bail hearing before Magistrate Judge Aida Colón. The Court feels that the schedule of this Court should have priority over the schedule before a Magistrate Judge. Nonetheless, the Court will make sure that both the bail hearing and the sentencing hearing are accommodated on the same day.

formation in the form of the officers notes, indictments, transcripts, rough notes or manuals.

Courts that have discussed the issue consider several factors that should guide the exercise of discretion. These are: (1) the existence of any promise of confidentiality made by the probation officer to the source of the information; (2) the need of maintaining the court's access to information by providing limited confidentiality to probation officers' sources of that information; (3) the purpose for which the information is requested and how material that information is to that purpose; (4) the privacy interests of those persons and entities that have provided information to the probation officer and (5) the availability of the information from other sources. See *Charmer*, 711 F.2d 1164; *United States v. Trevino*, 89 F.3d 187, 192–193 (4th Cir. 1996); *United States v. Schlette*, 842 F.2d 1574 (9th cir.1988).

■ The analysis in this particular case is tilted in favor of denial by one weighty consideration. This Court is convinced that the purpose for which Defendant has subpoenaed Torres–Baerga is without merit. As such the subpoena does not deserve the Court's approval. For starters, the Court does not view the alleged ex-parte conversation between the Government and Probation as amounting to prosecutorial misconduct—not to mention prosecutorial misconduct to the degree that would warrant a downward departure. The First Circuit's decision in *Saxena* reinforces this view. In *Saxena* the Circuit found that disclosing information to the probation officer was the functional equivalent of disclosing information to the court itself. The Circuit went on to find that "the sentencing judge has the right to expect that the prosecutor and the probation department will give him all relevant facts within their ken ..." and that the "the government has an unswerving duty to bring all facts relevant to sentencing to the judges attention". *United States v. Saxena*, 229 F.3d 1 (1st Cir.2000).

■ Even if the alleged conversation amounts to prosecutorial misconduct, Defendant has simply failed to cite any law whatsoever that would entitle him to a downward departure based on an alleged ex parte conversation. Defendant instead cites two cases dealing with prosecutorial misconduct during closing arguments (*United States v. Rodriguez–Estrada*, 877 F.2d 153, 158–59 (1st Cir.1989) where the prosecutor, among other things, called the appellant a "liar" and a "thief" during closing arguments and *United States v. Gonzalez–Gonzalez* 136 F.3d 6 (1st Cir.1998) where the prosecution misstated the law during closing arguments). What, if anything, these two cases have to do with the issue at hand is a real mystery. Defendant's failure to cite any specific case law persuades the Court that his request for disclosure is without merit.

■ One last argument persuades the Court that subpoena of probation officer Torres–Baerga is unwarranted. A presentence report contains a sentencing *recommendation*. The Court is, of course, not bound to follow what the probation officer advises in his report. The final sentencing determination will be made after the Court hears arguments and objections to the presentence report in open court. If Defendant feels that he does not deserve an upward departure due to his alleged leadership role or his alleged possession of a weapon, he will have an opportunity to object and argue *on the merits* during the sentencing hearing. Putting a probation officer on the stand is of no consequence to a final sentencing determination. What will determine whether an upward departure is warranted is the specific facts of this case—not whether the probation officer spoke ex parte with government officials.

**Wherefore,** Defendant's request for probation officer Torres–Baerga to be present at his sentencing hearing is **DENIED.** Subsequently, his request for continuance

is **DENIED.** Sentencing is set for December 15, 2000 at 9:00am.

**IT IS SO ORDERED.**